THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOLLY MOON'S HOMEMADE ICE CREAM LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>    Defendant. | Case No. 2:23-cv-00859<br><br>JOINT STATUS REPORT |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, LCR 26(f), and the Court's June 12, 2023 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 5), counsel for the parties conducted their Rule 26(f) telephone conference on July 27, 2023.

The parties hereby present their Joint Status Report as follows:

**1.      Statement of the Nature and Complexity of the Case:**

Plaintiff is a business in Seattle's Capitol Hill neighborhood.  From June 8, 2020, until the morning of July 1, 2020, portions of that neighborhood were occupied by a loosely organized group of individuals who identified themselves by various names, eventually settling on "CHOP," standing for Capitol Hill Occupied Protest. During the existence of CHOP, some public streets and sidewalks in the area were blocked to various degrees with barriers, tents, and other obstacles.  The public Cal Anderson Park was part of CHOP and included numerous encampments.

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 1

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400  FAX, (206) 274-6401

Plaintiff alleges that the existence of CHOP caused it substantial property and economic damage, severely restricted its ability to use and enjoy its property and access the public streets, and subjected it to incessant harassment and noise, as well as damage that occurred subsequent to CHOP being cleared on July 1, 2020. Plaintiff alleges that Defendant City of Seattle ("the City") is liable for this harm because of its actions in assisting and endorsing CHOP. Plaintiff has pled several theories: substantive due process, takings, and state-law nuisance and negligence.

Defendant contends that it is not responsible for the actions of third parties and has no obligation to prevent the criminal and other acts of the third parties identified by Plaintiff. Defendant has moved to dismiss all of Plaintiff's claims and briefing on that motion is complete.

**2.  Deadline for the joining of additional parties:**

This is one of three cases currently pending before this Court that involve substantially identical claims. The other two cases are *3Pak, LLC d/b/a Oma Bap v. City of Seattle,* Case No. 23-cv-540 (W.D. Wash.) and *Hugo Properties LLC v. City of Seattle,* Case No. 23-cv-859 (W.D. Wash.) (collectively the "pending CHOP cases").

Plaintiff agrees to an order consolidating the pending CHOP cases for all purposes in discovery, but not for trial at this time. Plaintiff will reconsider whether the pending CHOP cases should be consolidated for the purposes of trial at a time closer to trial.

Defendant believes that the pending CHOP cases should be consolidated for all purposes, given the significant overlap that exists as to the parties' underlying claims and defenses. Defendant also believes that consolidating the pending CHOP cases for purposes of trial will preserve the Court's and the parties' resources, and avoid the potential for conflicting decisions.

The parties do not currently anticipate the need to join any other additional parties, but propose November 1, 2023 as the deadline for doing so.

**3.  Magistrate Judge:** One or more of the parties have not agreed to referral to a magistrate.

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 2

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400   FAX, (206) 274-6401

**4.     Discovery Plan: The parties do** not anticipate difficulty in conducting discovery in this lawsuit.  The parties report as follows regarding other aspects of discovery:

  **A.     Initial disclosures:** The Court has set August 11, 2023 as the deadline for the parties to exchange initial disclosures in each of the pending CHOP cases, which deadline both parties plan to abide by.

  **B.     Subjects, timing, and potential phasing of discovery:** The parties do not foresee the need for phasing of discovery.

  **C.     Electronically stored information:** The parties have discussed electronically stored information (ESI) and are negotiating an ESI agreement based upon the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

  **D.     Privilege issues:** The parties intend to agree to enter into an agreement based upon the Model Stipulated Protective Order to protect against the release of certain confidential information.  In addition, certain documents that have been marked with confidentiality designations during the case of *Hunters Capital v. City of Seattle*, Case no. 20-cv-00983 ("*Hunters Capital*"), may be utilized in this case, and the parties have agreed to preserve the confidentiality of any documents so marked, until the termination of this and other CHOP related cases.  Any Stipulated Protective Order entered in this case will also be expected to apply to all of the pending CHOP cases.

  **E.     Proposed limitations on discovery:** Given the parties' agreement that the pending CHOP cases should be consolidated at least for discovery, the parties agree that Plaintiffs (collectively) and Defendant shall each be permitted to issue 40 interrogatories instead of the default limit of 25, and 20 depositions instead of the normal allotment of 10.

  The parties do not foresee the need for any other limitation on discovery at this time, but will cooperate to attempt to resolve any disputes before bringing any discovery issues that may arise regarding scope to the Court's attention.

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) **-** 3

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400  FAX, (206) 274-6401

**F.     The need for any discovery related orders:** The parties have agreed to enter into the Court's Model Stipulated Protective Order, subject to certain potential revisions to be agreed upon by the parties.

**5.     Local Rule 26(f)(1):** The parties do not anticipate any need for phased discovery, or phasing of motions, or any deviation from the processes that are provided for under the Federal Rules of Civil Procedure or this Court's Local Rules.

**A.     Prompt case resolution:** The parties have not engaged in preliminary settlement discussions. The parties have not yet determined the feasibility of early settlement or whether mediation would be helpful at this time or later in the litigation.

**B.     Alternative dispute resolution:** The parties are mindful of the potential benefits associated with early or other participation in mediation or other dispute resolution processes. They are not prepared to engage in alternative dispute resolution at this time, but they will continue to evaluate the potential benefits of doing so as the litigation progresses.

**C.     Related cases:** The three pending CHOP cases are related. The *Hunters Capital* case was also a related case, but that case has been concluded by a final order dismissing the case.

**D.     Discovery management:** The parties agree to share discovery from third parties, but not the cost of obtaining that discovery. *See* LCR(f)(1)(D)(ii). The parties agree to work cooperatively to avoid unnecessary discovery disputes and discovery costs. In addition, the parties agree to allow the use of documents produced in the *Hunters Capital* case in this case, subject to a new Protective Order that will be agreed to and entered in this case.

**E.     Anticipated Discovery Sought**. Plaintiff anticipates seeking discovery from the City and various custodians employed by the City on the following range of topics: actions taken by the City to support and endorse CHOP, the City's knowledge of injuries to Plaintiff and others in and near CHOP and evaluation of those injuries or damages, and the actions taken by the City during

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 4

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400   FAX, (206) 274-6401

the same time period in other areas of the City. Plaintiff anticipates that this discovery will be sought through discovery requests and depositions.

Defendant anticipates that, if the Court denies Defendant's pending motion to dismiss, it will seek discovery from Plaintiff regarding all elements of Plaintiff's claims, including causation and damages, as well as discovery from third party sources to identify the private actors who caused the damages and injuries identified by Plaintiff in its complaint.

**F.     Phasing of motions:** The parties do not anticipate the need for specific phasing of motions.

**G.     Preservation of discoverable information:** Plaintiff represents that it has taken adequate steps to preserve potentially discoverable information relating to the litigation. The plaintiffs in the *Hunters Capital* case raised issues in that case concerning the City's failure to preserve potentially discoverable information relating to the litigation, and the Court issued an Order with respect to the *Hunters Capital* Plaintiffs' Motion for Sanctions. *Hunters Capital, et al. v. City of Seattle*, 20-cv-00983 (Dkt. No. 166) (January 13, 2023) (the "Sanctions Order"). In the Sanctions Order, this Court ruled that it would instruct the jury that it "may presume that the City officials' text messages (deleted after Plaintiffs commenced this action) were unfavorable to the City, and Plaintiffs will be allowed to present evidence and argument at trial regarding the City's deletion of the text messages." *Id.* at p. 37. The Court should apply the same ruling in this case under a collateral estoppel theory, and Plaintiffs may request additional sanctions against the City in this case depending on any unique circumstances that may apply here.

Defendant has continued its document preservation efforts from *Hunters Capital*, and has agreed that Plaintiff can utilize documents produced in *Hunters Capital* in the pending CHOP cases. Defendant has also taken additional, adequate steps to preserve potentially discoverable information since the inception of the pending CHOP cases were filed. Defendant is cognizant of the Court's Sanctions Order in *Hunters Capital* and reserves the right to contest the extent to which it has any bearing on discovery in the pending CHOP cases filed after that litigation.

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 5

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400  FAX, (206) 274-6401

  **H.** **Privilege issues:** The parties are unaware of any privilege issues requiring the Court's attention at this time and will include in their ESI agreement and proposed protective order provisions concerning inadvertent disclosure of privileged material or work product.

  **I.** **Model Protocol for Discovery of ESI:** The parties intend to enter into a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

  **J.** **Alternatives to Model Protocol:** Not applicable.

**6.** **Completion of discovery:** Plaintiff anticipates that fact discovery can be completed by July 1, 2024, and all discovery can be completed by November 1, 2024.

The parties have proposed a trial date of February 2025 or later. The City believes that the Court should set discovery and expert deadlines in the pending CHOP cases based on that trial date using the Court's standard case scheduling process. That said, given the City's pending motion to dismiss, other anticipated motion practice that may be necessary, the likely consolidation of the pending CHOP cases, and the scope of discovery that the City anticipates seeking based on the parties' experience in *Hunters Capital*, Defendant anticipates that discovery can be completed by no earlier than November 1, 2024, with expert witness disclosure deadlines set at August 15, 2024 (affirmative experts) and October 1, 2024 (rebuttal experts).

**7.** **Bifurcation:** The parties do not currently believe that bifurcation is necessary or appropriate in this case.

**8.** **Pretrial statements / pretrial order.** The parties do not believe that the pretrial statements or pretrial order should be dispensed with in whole or in part.

**9.** **Suggestions for shortening or simplifying the case:** Plaintiff does not have any particular suggestions for shortening or simplifying the case.

Defendant proposes that, given the significant overlap between the facts, claims, and defenses in the pending CHOP cases, consolidation of all of the cases for all purposes, including discovery and trial, would shorten the time period necessary to resolve all of the cases, simplify the

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 6

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400   FAX, (206) 274-6401

issues to be heard by the Court, avoid the need for the parties and the Court to expend resources duplicating work at two trials, and prevent inconsistent results at trial.

Plaintiff believes that, should the Court decide to entertain Defendant's request for an order consolidating the matters for trial, the Court should direct Defendant to file a formal motion for such consolidation so that the matter may be fully considered and resolved.

**10.**  **Date of trial:** The parties suggest setting a trial date in February 2025 or thereafter.

**11.**  **Jury or non-jury trial:** Plaintiff has demanded a jury trial in this case.

**12.**  **The number of trial days required:** At this time, Plaintiff believes that the anticipated number of days required for trial would be 21 days.

Defendant believes that 21-28 days would be sufficient to try all of the pending CHOP cases together in one trial.

**13.**  **The names, addresses, and telephone number of all trial counsel**:

MORGAN, LEWIS & BOCKIUS LLP

Patty A. Eakes, WSBA #18888
Angelo J. Calfo, WSBA #27079
Tyler S. Weaver, WSBA #29413
Gabriel Reilly-Bates, WSBA #52257
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone:  (206) 407-2200
Fax:  (206) 407-2224
Email: Patricia.Eakes@morganlewis.com
   Angelo.Calfo@morganlewis.com
   Tyler.Weaver@morganlewis.com
   Gabriel.ReillyBates@morganlewis.com

*Attorneys for Plaintiff*

-and-

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 7

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400  FAX, (206) 274-6401

HARRIGAN LEYH FARMER & THOMSEN LLP

Tyler L. Farmer, WSBA No. 39912
Shane C. Cramer, WSBA No. 35099
Erica Iverson, WSBA No. 59627
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel:(206) 623-1700
Email: tylerf@harriganleyh.com
Email: shanec@harriganleyh.com
Email: ericai@harriganleyh.com

*Attorneys for Defendant the City of Seattle*

**14. Potential complications in setting trial dates:** The parties do not anticipate any complications with setting the trial date in February 2025 or any time thereafter. The parties do not believe this case can be ready for trial before early 2025, and counsel for one or more of the parties already have trials set that would complicate setting trial in January 2025.

**15. Service on all parties:** Defendant has been served with a summons and complaint.

**16. Scheduling conference.** The parties do not believe a scheduling conference is necessary.

**17. Corporate disclosure statements for nongovernmental corporate parties:** On April 11, 2023, Plaintiff filed a corporate disclosure statement.

///

///

///

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 8

MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400  FAX, (206) 274-6401

DATED this 11th day of August, 2023.

**MORGAN, LEWIS & BOCKIUS LLP**

By /s Tyler S. Weaver
    Patricia A. Eakes, WSBA No. 18888
    Angelo J. Calfo, WSBA No. 27079
    Tyler S. Weaver, WSBA No. 29413
    Gabriel Reilly-Bates, WSBA No. 52257
    1301 Second Avenue, Suite 2800
    Seattle, WA 98101
    Phone:  (206) 274-6400
    Email:  patty.eakes@morganlewis.com
            angelo.calfo@morganlewis.com
            tyler.weaver@morganlewis.com
            gabriel.reillybates@morganlewis.com

*Attorneys for Plaintiff Molly Moon's Homemade Ice Cream LLC*

**HARRIGAN LEYH FARMER & THOMSEN LLP**

By /s Shane P. Cramer
    Tyler L. Farmer, WSBA No. 39912
    Shane P. Cramer, WSBA No. 35099
    Erica Iverson, WSBA No. 59627
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Seattle, WA 98104
    Tel.#:  (206) 623-1700
    E-mail: tylerf@harriganleyh.com
    _       shanec@harriganleyh.com
            ericai@harriganleyh.com

*Attorneys for Defendant City of Seattle*

JOINT STATUS REPORT
(Case No. 2:23-cv-00859) - 9

**MORGAN LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 274-6400  FAX, (206) 274-6401